number one nine one six nine four young gal versus William P. Barr if he pleases the court I reserve three minutes for rebuttal if it pleases the court. I'm here for a petition of review on behalf of my client young gal. This is a petition from the BIA which is a board of administration appeals which everybody is familiar with. The BIA determined that the petitioner had not met his burden of proof based on his asylum application and other forms of relief in the form of withholding of removal under the convention against torture. The immigration judge and the BIA coronation also determined that the petitioner has not met his burden for asylum now. The petitioner disagrees with this. I apologize to the court for interchangeably using the petitioner here. The petitioner did apply for asylum. The immigration judge did find the respondent credible. He determined that the respondent had been persecuted but said that he didn't rise to the level of persecution under the first circuit standard. Under that circuit the court said that to pursue persecution the sum of the petitioner's experience was addled to more than ordinary harassment, mistreatment or suffering. Now, the immigration judge only points to one thing and the BIA agrees with the judge points to only one thing in the record which is that the respondent was taken to jail and he was beaten up in jail but taken as a whole with the documentary evidence and the respondent's testimony what actually happened was the respondent based on his religious belief was practicing his religious belief of work. He worked for the government for the Communist Party of China and his employer. While he was at work he was spreading his Christian beliefs. He was reading the bible and the secretary of the organization summoned the police. He was cuffed at work putting handcuffs and taken to the police station. When he was taken to the police station he was beaten up at the police station and he was held for two days. Whereupon he was released from detention he went back to work the same job that he had been flogged from and he was informed that he was no longer employed there. So the argument is does this rise to the level of persecution? I say that it does. The first thing is that it is very, very true. I respond to that in saying that we have to look at each individual case. Surely the court's stand is very stringent but we have to look at it in the context of what had happened to him. The court affords, the law affords people protection under the Immigration and Nationality Act under 208. It's asylum. He was persecuted. His employment was taken from him. This was the catalyst that made him leave his native country as an asylee. What do you say the respondent makes a lot out of the relocation issue? That there's no indication that your client couldn't relocate elsewhere in China? And I don't see that addressed in response. That was the government's burden to prove internal relocation. The government never brought it up. The first time the government brings it up is in their brief. The government had the opportunity to bring this up. The IJ said that he did not find after reviewing the report that the respondent could not relocate somewhere safely in China. And that finding was then not challenged in your brief to the board or in your brief to us? Well, that's said and done, Your Honours. Now look, the burden was on the judge to develop the record and make that part of the record. The judge did not. He made that part of his decision in denying the respondent's application for asylum. The judge never brought it up in the proceedings, never asked the respondent to address those issues, and the judge brought it up as the basis for his denial. Now, that said and considered, the judge did not then go to see whether the respondent had a well-founded fear of future persecution. Now, the respondent had a subjective fear of future persecution. If the judge argues that, well, it never goes to the level of persecution, he does have a subjective fear that if he was to go back to China, based on his religious belief, he would suffer further persecution. The judge really never addressed that, because that's another grounds. Even if the judge hasn't found that you have a well-founded fear, I mean, of past persecution, then the judge could look at whether he has a well-founded fear of future persecution. The judge did not do that. So it's my belief that the respondent, even if we argue that he hadn't suffered past persecution, he does have a well-founded fear of future persecution, based on his subjective fear of future persecution, and this is objectively reasonable, considering the circumstances, considering the testimony that he gave in immigration court. Thank you. Good morning, Your Honors. May it please the Court. Elizabeth Fitzgerald Sambu on behalf of the Respondent Attorney General. Excuse me. Only one issue here is properly before this Court, and the remainder of the issues were unexhausted and waived. So regarding the first issue that is properly before this Court is whether the petitioner demonstrated past persecution before the agency. And here the petitioner described approximately 20 to 23 hours of detention by police, where he was beaten one time and he was refused a meal and water at one point. He also had to pay a fine and police came to his house at least more than once, although it's not clear how many times. So then he remained in China for nine more months peacefully without any detention or physical harm. Excuse me, Counsel. The petitioner says that part of the persecution was also that he was not only detained on that one occasion by the police, but he lost his job as a result. Correct, Your Honor. And the agency did consider this. So in the immigration judge's decision, it lists the facts of what he testified to. And then in the persecution analysis, yes, the agency did focus on the physical harm, but there is indications within the decision that the agency was aware that he was fined and that he lost his job. But as the immigration judge considered also beyond physical harm, like there was a consideration that he was in China for nine months. He was able to leave China using his own passport and visa. So all of these things are things that this Court has held it proper to consider. So this Court's case law has held or upheld agency findings of no past persecution, even when the individual was detained for more than a week or even when there was electrical shocks. This Court has also considered and said it's relevant whether there was medical attention required. So here the petitioner was never required to seek medical treatment for his injuries. So the agency probably considered that as well. Even beyond the physical harm and the detention, the agency considered the police visits to his home. And this Court held in Cabas that even a non-consensual breaking of a home did not amount to past persecution. Additionally, this Court has held it as proper to consider peaceful residence in the country after incidents of detention or harm. And so this Court has upheld times even when it was about a month of peaceful residence. And here there were nine months of peaceful, unharmed residence there. And in Jun'an Shen, this Court considered that it was relevant that an individual from China could flee the country or leave the country using their own passport and visa, which is what occurred here. So I think it's clear that the facts in this case, or it's clear that the agency considered all the facts cumulatively, and that even considering the totality of all the harm that he had in China, unfortunately, that clearly does not compare to this Court's case law where this Court has upheld no past persecution. And so if there are no further questions about past persecution, I'll move on. The remainder of the issues here were not exhausted and were additionally waived before this Court. So I think possibly there's confusion about the burden of proof, so I'll go into that. So regarding internal relocation, when an applicant, sorry, asylum and statutory withholding of removal applicants, they're the burden of proof before the immigration judge. So when the persecutor is the government or someone who's government-sponsored, then the alien demonstrates, or the alien bears the burden of proof to show that internal relocation could not occur. But if, but there's, sorry, I'm backtracking. There are two separate factors for internal relocation. First is whether it's even possible, and second, whether it's reasonable to expect the applicant to do so if it is possible. So here the alien bears the burden of proof to show that it's not possible, but then if the SS here, the persecutor, is the government, then for the reasonableness factor, then DHS, or the Department of Homeland Security, then bears the burden of proof to show that it actually is reasonable. So here the immigration judge considered only the first factor and said that was dispositive. So even if the petitioner believed there was a legal error, he lost the case. So on appeal, he was the one who was supposed to argue that the immigration judge made a legal error in that analysis, and he failed to include any argument about internal relocation in his appeal brief to the board. And internal relocation is dispositive of asylum and statutory withholding of removal claims. So he failed to argue it to the board, and the board explicitly provided that they weren't considering the well-funded fear or future harm analysis because he waived that argument in his brief. And then in Petitia's opening brief to this court, he again completely omits any argument about internal relocation, despite the board noting that it was dispositive of this claim. So because he failed to exhaust the argument and because he waived the argument before this court, this court shouldn't exercise its jurisdiction to review that claim. And finally, regarding the conventioning as torture claim, again, he omitted any argument in his appeal brief to the board, at least with specificity about citing the record or arguing why the harm that he suffered amounted to torture or that he fears torture. And the board actually has de novo review to determine whether harm amounts to torture. So here he could have at least asked the board to decide something about it, and he failed to do so. And before this court, he provides the standard for conventioning as torture claims, but includes absolutely no argument whatsoever about why his claim meets the standard or how the agency erred. So if there are no further questions, I would request this court to deny and dismiss the claim as we argued in the brief. Thank you. Thank you, Your Honours. The government argues that the respondent did not exhaust all his arguments. Now, the standard for asylum basically translates into his claim for withholding of removal and withholding of removal under the convention against torture. Now, if the court has already made a determination with regards to his asylum application, then the same facts apply to his withholding of removal claims and his convention against torture claims. Now, the respondent has shown the court that he has a fear of persecution if he was to return to China. The judge found him credible. The judge determined that he was ill-treated. The judge determined that it just doesn't rise to the level of persecution as enumerated in the circuit here. But what it does show is that the respondent does have a subjective fear of returning to China. With the testimony that he's given, with the evidence that he submitted to the immigration court, it did indicate that he was afraid to return to China. Now, the government argues that there was no argument made with regards to an internal relocation, but the judge makes that finding in his decision, but the judge never at any point during the proceedings ever brought that issue up. He could have denied it on a thousand and one reasons, but the judge only picks that out because now he sees that, well, I will foreclose this with this argument, but the judge never raised the issue. The judge never developed a record. The judge never asked the respondent about internal relocation in order to determine his claim, but the judge brings it up in his decision. As I understand, the government's argument is that even if what you just said is entirely correct, what you just said should have been said to the board on your repeal from the IJ. I think that's their argument. Yes, but my argument still continues along that line. Sure, the BIA said, well, why didn't I brief it? But the fact still remains that the immigration judge never brought it up. The Board of Immigration Appeals is now following along the same lines as the judge, plucking out something out of his jug in order to make his determination without putting it on the record, without developing the record, and he deprives the petitioner of that argument because he did not develop the record in the first instance. But you see, counsel, we operate according to rules, and if you were obligated to challenge that determination before the board and you didn't do it, then we have no jurisdiction to look at it. I understand your argument. That's how issues get raised to us. Yes, Your Honour. But it's still my belief that the respondent has met his burden. He has met his burden for a well-founded fear of future persecution, and based on that, this case should be remanded back to the Immigration Court for further review. Thank you.